[Civ. No. 2722.  Second Appellate District, Division One.—February 5, 1919.]

DAVID S. LARIMER, Respondent, v. MARSHAL DE MOTTE et al., as Members of the State Board of Control, and THE STATE BOARD OF CONTROL OF THE STATE OF CALIFORNIA, Appellants.

[Civ. No. 2723.  Second Appellate District, Division One.—February 5, 1919.]

DAVID S. ·LARIMER, Respondent, v. MARSHAL DE MOTTE et al., as Members of the State Board of Control, and THE STATE BOARD OF CONTROL OF THE STATE OF CALIFORNIA, Appellants.

[Civ. No. 2724.  Second Appellate District, Division One.—February 5, 1919.]

DAVID S. LARIMER, Respondent, v. MARSHAL DE MOTTE et al., as Members of the State Board of Control, and THE STATE BOARD OF CONTROL OF THE STATE OF CALIFORNIA, Appellants.

FUGITIVES FROM JUSTICE—ESCAPE AFTER ARREST IN SISTER STATE—EXPENSES OF AGENT EMPLOYED UNDER EXTRADITION REQUISITION.— The amendment of 1913 to section 1557 of the Penal Code, providing that the state shall not pay the expenses of any person employed under a requisition from the Governor to bring back from a sister state a fugitive from justice, "where the fugitive returned is not placed on trial," was intended to be restricted to cases of failure to prosecute a fugitive after he has been returned to this state, and has no application to the case of a fugitive who makes his escape in the state where he is apprehended, by reason of which fact the state agent is unable to return him to the state for trial.

APPEALS from orders of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Appellants.

A. J. Hill, County Counsel, and J. Allen Davis and David R. Faries, Deputies County Counsel, for Respondent.

SHAW, J.—These appeals involve like questions, namely: Whether the state is chargeable with the expense incurred by an agent thereof who, acting under a requisition issued by the Governor, was authorized to receive in custody a fugitive from justice found in a sister state and return him to this state for trial.

It appears in each case that after his arrest the fugitive sued out a writ of *habeas corpus* in the court of the state where he was apprehended and by such court was released on bail. Pending the hearing of the writ he made his escape, by reason of which fact the state's agent was unable to return him to this state for trial.

In each of the cases the appeal is from an order granting a peremptory writ of mandate commanding the board of control to audit and allow the claim against the state for the expenditures made by petitioner's assignor in performance of the duties imposed upon him as such agent under the requisition issued by the chief executive.

The solution of the question depends solely upon the interpretation of section 1557 of the Penal Code, the meaning of which, to our minds, is not open to controversy. As it stood prior to 1913, it read as follows: "When the governor of this state, in the exercise of the authority conferred by section 2, article IV of the constitution of the United States, or by the laws of this state, demands from the executive authority of any state of the United States, or of any foreign government, the surrender to the authorities of this state of a fugitive from justice, who has been found and arrested in such state or foreign government, the accounts of the person employed by him to bring back such fugitive must be audited by the board of examiners and paid out of the state treasury." In 1913 the section was amended by adding thereto the following: "Provided, however, that the state shall not pay the expenses of any such person so employed where the fugitive returned is not placed on trial, but such expense shall be a charge upon the county asking the requisition."

As the law stood prior to the amendment, appellants concede petitioner would be entitled to the allowance, but contend that the intent of the legislature was to "place a restriction on the use of extradition process by a county so as to require the county to pay the expenses incurred in con-

nection therewith if the extradition papers are secured where the charge is not made in good faith or is not prosecuted." No claim is made that the charge preferred was not made in good faith. The word "returned" seems to have been employed *ex industria* by the legislature, and we know of no rule of interpretation which, in construing the amendment, would justify the court in denying to it any effect. Unless so rejected, and construing the language used according to its plain import, it is perfectly clear that by the amendment the legislature intended the failure to prosecute, in order to relieve the state from the expense of extradition, should be restricted to those cases where the fugitive is returned. Had the legislature, as claimed by appellants, intended the enactment to apply to cases of the character here involved, it could easily have omitted the word "returned," or said, "unless the fugitive be returned and placed on trial." The language of the statute is clear and explicit. It admits of no interpretation other than the one adopted by the trial court, which was according to the plain import of the language used.

The order in each of the above cases is affirmed.

Conrey, P. J., and James, J., concurred.